UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRIAN McCARTY, | Case No. 18-CV-0791-ECT-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN R. MARQUES, | |
| Respondent. | |

---

In this action under 28 U.S.C. § 2241, Petitioner contends that a recent Bureau of Prisons ("BOP") policy regarding Residential Reentry Center ("RRC") placement was improper because it placed too much emphasis on the resource availability factor and resulted in a retroactive reduction in the duration of his RRC stay. (Doc. No. 1, Habeas Pet.; Doc. No. 17, Response to Respondent's filing). For reasons stated below, this Court recommends that Mr. McCarty's Petition be denied as moot.

Mr. McCarty is a federal prisoner, who at the time he filed this action was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone") (Doc. No. 1, Habeas Pet.; Doc. No. 12-2, Decl. of Jon Gustin ("Gustin Decl.") Exh. B McCarty RRC Referral). Mr. McCarty was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(A)(1) and (B)(1)(A) (Doc. 12-2 at 2). He was sentenced to 80 months' incarceration, to be followed by five years of supervised release (*Id.*). While incarcerated, Mr. McCarty has completed many significant achievements including

1

obtaining his GED and participating in many career and health oriented programs (*Id.* at 3-5). Additionally, he has held multiple jobs while incarcerated (*Id.*). Mr. McCarty's projected release date is January 20, 2019[1] (*Id.* at 2). This is an early release date pursuant to 28 U.S.C. § 3621(e) for the successful completion of a Residential Drug Abuse Program ("RDAP"). (*Id.*).

Inmates can be designated to an RRC as a pre-release placement at the end of their sentence. (Doc. 12, Gustin Decl. ¶¶ 5-9). At RRCs, staff can help inmates with basic needs of securing identification, employment, and housing, and provide other programs and services, such as community drug programming. (*Id.*). In the Second Chance Act of 2008 ("SCA"), Congress increased the maximum allowable time for such placements by providing the BOP with authority to grant "to the extent practicable" an inmate up to twelve months in a pre-release RRC placement at the end of an inmate's sentence. 18 U.S.C. § 3624(c)(1). The SCA also authorizes the BOP to place an inmate on home confinement for a period of ten percent of the inmate's term of imprisonment or six months at the end of the sentence, whichever is shorter. *Id.*

There are five primary criteria used to assess an inmate's eligibility for RRC placement. The factors are: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement by the court that imposed the sentence concerning the purposes for which the

---

[1] The paperwork regarding Mr. McCarty's referral to RRC placement stated a date of January 18, 2019 (*See* Doc. 12-2 at 1). However, the BOP inmate locator states a release date of January 20, 2019. *See* https://www.bop.gov/inmateloc/, results for Brian McCarty, register number 65847-230. A sentence computation document Mr. McCarty appended to his own petition also displayed a release date of January 20, 2019. (*See* Doc. 1-1.

sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and, 5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.  18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(6).  Inmates are evaluated for RRC placement 17-19 months before their projected release dates.  (Doc. 12, Gustin Decl., ¶8).  After an inmate is assessed under the § 3621(b) factors, a recommendation is forwarded to the local Residential Reentry Management ("RRM") office.  (*Id.* at ¶10).

On October 10, 2017, Hugh J. Hurwitz, Acting Assistant Director for the Reentry Services Division, wrote a memorandum concerning available resources and RRC placements. (Doc. 12, Gustin Decl. ¶11).  The Memo indicated that certain steps needed to be taken to bring RRC program usage to within budgetary allocations (Doc. 12-1, Gustin Decl., Exh. A).  Relevant to this case, the memo indicated that RRCs operating above normal capacity would need to be brought to within capacity by delaying some new placements until populations at the facilities are within limits (*Id.*).  The net impact may be to reduce the average length of stay at an RRC from upwards of 145 days to approximately 120-125 days (*Id.*).

Mr. McCarty was initially evaluated for RRC placement on December 27, 2017 (Gustin Decl., Doc. 12-2, Exh. B).  At that time, he was recommended for placement on July 27, 2018, with an anticipated release date of January 20, 2019 (*Id.*).  It was recommended that he be placed in the Eastern District of North Carolina so that he could be near his sister (*Id.*).

Subsequent to Mr. McCarty's RRC placement recommendation being forwarded to North Carolina, his projected placement date was changed from July 27, 2018 to September 20, 2018 (Gustin Decl. 23). The September date provided him with 123 days in RRC placement—enough for him to complete the requirements for early release on January 18, 2019. (*Id.*). The adjusted release date is the subject of Mr. McCarty's Section 2241 petition. He alleges that the Hurwitz memo and the adjustment of his placement date constitute an unfair weighing of the Section 3621 factors. What is more, he contends that the retroactive adjustment of his placement date does not comply with BOP policies. At the time that the Petition was lodged in March of 2018, Mr. McCarty had a potentially viable claim because his placement date in RRC could still be changed from September of 2018 to July of 2018, or some other date. However, at present, no relief is possible because Mr. McCarty has now reached his North Carolina placement. His projected release date—January 20, 2019—is fast approaching. Assuming he successfully completes the RRC placement, he will have no continuing need to contest the date he arrived at placement. Accordingly, it is appropriate to recommend that his habeas petition be denied as moot.

NOW, THEREFORE, IT IS RECOMMENDED:

1. That Mr. McCarty's Petition be DENIED as MOOT [ECF No. 1]. That his Emergency Motion to Expedite Consideration also be DENIED as MOOT [ECF No. 3].

Date:  January 4, 2019                                *s/Katherine Menendez*
                                                      Katherine Menendez
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).